THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| PEDRO CASTRO and AMALIA CASTRO, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>UTAH COUNTY SHERIFF'S DEPARTMENT, a division of Utah County, political subdivision of the State of Utah; and JOHN DOES 1 through 4,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:22-cv-00464-JCB<br><br><br>Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court are Plaintiffs Pedro Castro and Amalia Castro's (collectively, "Plaintiffs"): (1) motion to strike Defendant Utah County Sheriff's Department's ("Defendant") motion for judgment on the pleadings,[2] and (2) motion for an extension of time to respond to Defendant's motion for judgment on the pleadings.[3] Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motions on the parties' written memoranda.

---

[1] ECF No. 11.

[2] ECF No. 24.

[3] ECF No. 25.

Based upon the analysis set forth below, the court denies Plaintiffs' motion to strike and grants their motion for extension of time.

## BACKGROUND

On June 10, 2022, Plaintiffs filed their complaint in this action in Utah state court.[4] Defendant removed the action to this court on July 12, 2022.[5] After Defendant answered Plaintiffs' complaint,[6] Defendant moved for judgment on the pleadings, arguing that Plaintiffs' complaint fails to state claims upon which relief can be granted.[7] In response, Plaintiffs moved to strike Defendant's motion.[8] Plaintiffs also moved for an extension of time to respond to Defendant's motion for judgment on the pleadings pending a decision on their motion to strike.[9] Defendant opposes both motions.[10]

## ANALYSIS

I. **The Court Denies Plaintiffs' Motion to Strike Defendant's Motion for Judgment on the Pleadings.**

Plaintiffs' motion to strike is based upon a misapprehension of Fed. R. Civ. P. 12. Specifically, Plaintiffs argue that Defendant's motion for judgment on the pleadings should be stricken because the defense asserted therein—failure to state a claim upon which relief can be

---

[4] ECF No. 2-1.
[5] ECF No. 2.
[6] ECF No. 7.
[7] ECF No. 15.
[8] ECF No. 24.
[9] ECF No. 25.
[10] ECF Nos. 26-27.

granted—was required to be asserted in a pre-answer motion to dismiss under Rule 12(b)(6) rather than in a motion for judgment on the pleadings under Rule 12(c). Plaintiffs are mistaken.

When interpreting Rule 12, this court must give the rule its plain meaning.[11] If the court "find[s] the terms [of Rule 12] unambiguous, judicial inquiry is complete."[12] Additionally, the court will not read Rule 12 in a way that renders any part of the rule superfluous or meaningless.[13]

Rule 12(b) provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Rule 12(b) also indicates that "a party may assert" certain defenses "by motion,"[14] including the defense of "failure to state a claim upon which relief can be granted."[15] Finally, Rule 12(b) provides that a motion brought under that rule asserting one of the delineated defenses "must be made before pleading if a responsive

---

[11] *Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 123 (1989) (providing that courts "give the Federal Rules of Civil Procedure their plain meaning"); *United States v. Ceballos-Martinez*, 371 F.3d 713, 716 (10th Cir. 2004) (providing that courts "must interpret statutes and rules of procedure based on their plain language").

[12] *Pavelic & LeFlore*, 493 U.S. at 123 (quotations and citation omitted).

[13] *Sanford v. Shea*, 103 F. App'x 878, 879 n.1 (6th Cir. 2004) (rejecting the plaintiff's interpretation of Fed. R. Civ. P. 56 because that interpretation would "render[] the entire rule superfluous"); *Morrissey v. Wolf*, No. 1:19-CV-01956 (TNM), 2020 WL 376512, at *2 (D.D.C. Jan. 22, 2020) (declining to adopt Plaintiff's interpretation of Fed. R. Civ. P. 4(i) because it "would render Rule 4(i)(4)(A) meaningless"); *Smith v. Auto-Owners Ins. Co.*, No. 15-CV-1153 SMV/GBW, 2018 WL 400767, at *2 (D.N.M. Jan. 12, 2018) (rejecting the plaintiff's argument that local rules exempted him from making disclosures required by Fed. R. Civ. P. 26(a)(2)(C) because it would render Rule 26(a)(2)(C) superfluous); *see also Corley v. United States*, 556 U.S. 303, 314 (2009) ("[A] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant . . . ." (final alteration in original) (quotations and citations omitted)).

[14] Fed. R. Civ. P. 12(b).

[15] Fed. R. Civ. P. 12(b)(6).

pleading is allowed."[16] Although those provisions may seem to support Plaintiffs' argument, later provisions of Rule 12 show that Plaintiffs' argument is meritless.

Rule 12(c) specifically contemplates a post-answer motion by providing that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Additionally, Rule 12(h)(2) provides that the defense of "[f]ailure to state a claim upon which relief can be granted . . . may be raised" in certain ways, including "by a motion under Rule 12(c)" or even as late as "trial."[17] Under Plaintiffs' reading of Rule 12, Rule 12(h)(2) would be entirely superfluous and meaningless. The court will not adopt such an interpretation. Thus, under the plain language of Rule 12, Defendant's motion was proper,[18] and the court denies Plaintiffs' motion to strike Defendant's motion for judgment on the pleadings.

---

[16] Fed. R. Civ. P. 12(b).

[17] Fed. R. Civ. P. 12(h)(2)(B)-(C).

[18] *C&C Inv. Props., L.L.C. v. Trustmark Nat'l Bank*, 838 F.3d 655, 660 (5th Cir. 2016) ("Rule 12(b)(6) provides a means by which a defendant may seek to dismiss a claim at the pleading stage; it does not require that a defense be asserted through that procedure. . . . Rule 12 expressly provides that a defendant not pursuing a Rule 12(b)(6) defense at the pleading stage may raise it later in the litigation, including at trial."); *Davis v. N.M. Dep't of Game & Fish*, No. 1:18-CV-00415-LF-SCY, 2019 WL 943514, at *4 (D.N.M. Feb. 26, 2019) ("Plaintiffs are correct that there are time limitations for asserting certain defenses, including the defense of failing to state a claim upon which relief can be granted. . . . But the Rules also permit this defense to be raised in an answer, in a motion for judgment on the pleadings, and at trial."); *In re Vaughan Co., Realtors*, No. 11-10-10759 JA, 2015 WL 4498748, at *1 (Bankr. D.N.M. July 23, 2015) ("[O]nce an answer has been filed, a party seeking to assert the defense of the failure to state a claim upon which relief can be granted should file a motion for judgment on the pleadings under Rule 12(c)."); *STC.UNM v. Intel Corp.*, No. 10-CV-1077 RB/WDS, 2012 WL 12869329, at *2 (D.N.M. May 8, 2012) ("Rule 12(h)(2) specifically preserves a litigant's right to file a motion to dismiss for failure to state a claim and allows for a post-answer motion for failure to state a claim under Rule 12(c).").

## II. The Court Grants Plaintiffs' Motion for an Extension of Time to Respond to Defendant's Motion for Judgment on the Pleadings.

Because good cause supports Plaintiffs' motion for extension of time, the court grants the motion. Plaintiffs moved for an extension of time to respond to Defendant's motion for judgment on the pleadings before the deadline for doing so expired. Accordingly, Plaintiffs' motion is governed by Fed. R. Civ. P. 6(b)(1)(A), which provides that "the court may, for good cause," extend a deadline if "a request is made . . . before the original time or its extension expires." "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[19] "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[20] The United States Court of Appeals for the Tenth Circuit has recognized that "Rule 6(b)(1) should be liberally construed to advance the goal of trying each case on the merits."[21]

Plaintiffs have demonstrated good cause because any response to Defendant's motion for judgment on the pleadings was contingent upon the outcome of Plaintiffs' motion to strike. Indeed, if the court had granted Plaintiffs' motion to strike, they would not have been required to respond to Defendant's motion for judgment on the pleadings. Although the court has denied Plaintiffs' motion to strike, that decision was not within Plaintiffs' control. Thus, good cause

---

[19] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (quotations and citation omitted).

[20] *Id*. at 701 (quotations and citation omitted).

[21] *Id*. at 700 (quotations and citation omitted).

supports Plaintiffs' motion for an extension of time. Furthermore, as stated above, the court must liberally construe Rule 6(b)(1) to permit this case to be tried on its merits.

Defendant's only arguments opposing Plaintiffs' motion are that: (1) Plaintiffs obtained previous stipulated extensions of time to respond to Defendant's motion for judgment on the pleadings[22] in bad faith; and (2) Plaintiffs' motion to strike is meritless. The court rejects those arguments because neither of them addresses whether Plaintiffs have established good cause. Accordingly, the court grants Plaintiffs' motion for an extension of time to respond to Defendant's motion for judgment on the pleadings. Consistent with DUCivR 7-1(a)(4)(A)(iii), Plaintiffs' response must be filed within 28 days of the date of this Memorandum Decision and Order, or by April 25, 2023.

## ORDER

Based upon the foregoing, the court HEREBY ORDERS:

1. Plaintiffs' motion to strike Defendant's motion for judgment on the pleadings[23] is DENIED.

2. Plaintiffs' motion for an extension of time to respond to Defendant's motion for judgment on the pleadings[24] is GRANTED. Plaintiffs must file their response to Defendants' motion within 28 days of the date of this Memorandum Decision and Order, or by April 25, 2023.

---

[22] ECF Nos. 20-23.

[23] ECF No. 24.

[24] ECF No. 25.

IT IS SO ORDERED.

DATED this 28th day of March 2023.

                                        BY THE COURT:

                                        JARED C. BENNETT
                                        United States Magistrate Judge