THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| PEDRO CASTRO and AMALIA CASTRO, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>UTAH COUNTY SHERIFF'S DEPARTMENT, a division of Utah County, political subdivision of the State of Utah; and JOHN DOES 1 through 4,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:22-cv-00464-JCB<br><br><br>Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is Defendant Utah County Sheriff's Department's ("UCSD") motion for judgment on the pleadings under Fed. R. Civ. P. 12(c).[2] Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motion on the parties' written memoranda. Based upon the analysis set forth below, the court grants UCSD's motion, dismisses Plaintiffs Pedro Castro and Amalia Castro's (collectively, "Plaintiffs") claims in this case without prejudice, and permits Plaintiffs to move for leave to amend their complaint.

---

[1] ECF No. 11.

[2] ECF No. 15. Although UCSD is the named defendant in this case, the motion before the court was brought by Utah County. Because Utah County is not a named defendant, the court construes the motion as being brought by UCSD.

## BACKGROUND

Plaintiffs filed their complaint in this case against UCSD in Fourth District Court in Utah County, Utah.[3] UCSD later removed the case to this court.[4] Plaintiffs allege the following claims against UCSD: (1) a claim under 42 U.S.C. § 1983 for violations of the Utah Constitution; (2) a claim under section 1983 for violations of the United States Constitution; and (3) a state-law claim for civil conspiracy.[5] After UCSD answered Plaintiffs' complaint,[6] UCSD filed the motion for judgment on the pleadings currently before the court.[7] Plaintiffs oppose UCSD's motion.[8]

## LEGAL STANDARD

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)."[9] To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[11]

---

[3] ECF No. 2-1.

[4] ECF No. 2.

[5] See generally ECF No. 2-1.

[6] ECF No. 7.

[7] ECF No. 15.

[8] ECF No. 31.

[9] *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

[10] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

[11] *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991).

ANALYSIS

As explained below: (I) Plaintiffs cannot state a section 1983 claim for violations of the Utah Constitution; (II) Plaintiffs fail to state a section 1983 claim for violations of the United States Constitution; and (III) because Plaintiffs fail to state any claims under federal law, the court declines to exercise supplemental jurisdiction over their state-law claim for civil conspiracy. Therefore, the court grants UCSD's motion for judgment on the pleadings. However, as shown in section IV below, the court dismisses Plaintiffs' claims without prejudice and allows them to move for leave to amend their complaint under Fed. R. Civ. P. 15.

I. **Plaintiffs Cannot State a Section 1983 Claim for Violations of the Utah Constitution.**

Plaintiffs cannot state a section 1983 claim for violations of the Utah Constitution because "[s]ection 1983 does not . . . provide a basis for redressing violations of *state* law, but only for those violations of *federal* law done under color of state law."[12] Thus, Plaintiffs' section 1983 claim based upon alleged violations of the Utah Constitution fails as a matter of law.

II. **Plaintiffs Fail to State a Section 1983 Claim for Violations of the United States Constitution.**

Plaintiffs fail to state a section 1983 claim for violations of the United States Constitution for two reasons. First, UCSD is not an entity subject to liability under section 1983. Second, even if Plaintiffs had named UCSD's controlling municipality (i.e., Utah County) as a defendant, their claim still fails. Each issue is addressed in turn below.

---

[12] *Jones v. City & Cnty. of Denver, Colo.*, 854 F.2d 1206, 1209 (10th Cir. 1988) (emphasis in original); *see also D.L. v. Unified Sch. Dist. No. 497*, 596 F.3d 768, 776 (10th Cir. 2010).

First, Plaintiffs cannot state a section 1983 claim against UCSD because a sheriff's office is not subject to liability under section 1983.[13] Therefore, Plaintiffs' section 1983 claim against UCSD for alleged violations of the United States Constitution fails.

Second, even if Plaintiffs had named Utah County as a defendant, their section 1983 claim for violations of the United States Constitution would still fail because they have not alleged any facts that would establish municipal liability.

> A municipality may not be held liable under § 1983 solely because its employees inflicted injury on the plaintiff. Rather, to establish municipal liability, a plaintiff must show 1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged.[14]

In this context, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell* . . . , unless proof of the incident includes proof that it was caused

---

[13] *Nugent v. Davis Cnty. Sheriff's Off.*, No. 1:21-CV-86-HCN, 2022 WL 1978728, at *1 (D. Utah June 6, 2022) ("[A] local sheriff's office is not . . . an independent legal entity that can be sued under [s]ection 1983."); *see also Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381 (Table), 1992 WL 51481, at *2 (10th Cir. Mar. 12, 1992) ("[P]olice departments . . . are not suable entities under § 1983, because they lack legal identities apart from the municipality." (citing *Martinez v. Winner*, 771 F.2d 424, 443 (10th Cir. 1985)); *Burnett v. Reno Cnty. Comm'n*, No. 18-3160-SAC, 2019 WL 1000882, at *2 (D. Kan. Mar. 1, 2019) (same); *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1186 (D.N.M. 2014) (same).

[14] *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993) (citations omitted); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."[15]

Plaintiffs' complaint fails to make *any* reference to a Utah County policy or custom that is unconstitutional, is directly linked to their alleged injuries, and was implemented by a Utah County policymaker. Therefore, even if Plaintiffs had named Utah County as a defendant, their section 1983 claim for alleged violations of the United States Constitution would still fail.[16]

### III. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiffs' State-Law Claim for Civil Conspiracy.

Because Plaintiffs fail to state any claims under federal law, the court declines to exercise supplemental jurisdiction over their state-law claim for civil conspiracy.[17] "Pursuant to 28 U.S.C. § 1367(a), federal courts may exercise supplemental jurisdiction over claims outside their original jurisdiction if those claims are part of the same Article III case or controversy as claims

---

[15] *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Rowley v. Morant*, No. 10CV1182 WJ/GBW, 2014 WL 11430980, at *1 (D.N.M. July 14, 2014) ("In the case where a plaintiff seeks to impose municipal liability on the basis of a single incident, the plaintiff must show the particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the entity being sued.").

[16] In their response to UCSD's motion, Plaintiffs contend that they "do not need to set forth defective policy or custom" because they have alleged that UCSD "violated its own policy" prohibiting discriminatory actions by UCSD deputies. ECF No. 31 at 7. That argument fails for two reasons. First, as noted above, Plaintiffs' complaint makes no reference to any Utah County policy or custom. Second, even if Plaintiffs' complaint had identified the policy they now reference, violation of a *constitutional* policy cannot form a basis for municipal liability under section 1983. Instead, as stated above, Plaintiffs must allege the existence of an *unconstitutional* policy or custom that is directly linked to their alleged injuries and was implemented by a Utah County policymaker.

[17] The court presumes that Plaintiffs' civil conspiracy claim is rooted in state law because the claim makes no reference to either section 1983 or 42 U.S.C. § 1985.

over which the court has original jurisdiction."[18] However, "[u]nder 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if the district court has dismissed all claims over which it has original jurisdiction. When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."[19] As shown above, Plaintiffs fail to state any claims under federal law. Therefore, the court declines to exercise supplemental jurisdiction over Plaintiffs' state-law claim for civil conspiracy.[20] Accordingly, the court grants UCSD's motion for judgment on the pleadings.

IV. **The Court Dismisses Plaintiffs' Claims Without Prejudice and Permits Them to Move for Leave to Amend Their Complaint Under Fed. R. Civ. P. 15.**

Because the court grants UCSD's motion based upon the pleading deficiencies in Plaintiffs' complaint, the court exercises its discretion to dismiss Plaintiffs' claims without prejudice and allow Plaintiffs to move for leave to amend their complaint.[21] Plaintiffs must file

---

[18] *Brock v. Herbert*, No. 2:09-CV-1118, 2012 WL 1029355, at *2 (D. Utah Mar. 26, 2012).

[19] *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quotations and citations omitted).

[20] To the extent that Plaintiffs' complaint could be construed as alleging claims for violations of the Utah Constitution outside of the section 1983 context, the court also declines to exercise supplemental jurisdiction over any such claims.

[21] *See, e.g.*, *Heisinger v. Vill. of Tularosa*, No. 22-CV-0366 KG/GBW, 2023 WL 2601262, at *3 (D.N.M. Mar. 22, 2023) (granting the defendants' motion for judgment on the pleadings "based on the sufficiency of the pleading," dismissing the complaint without prejudice, and providing the plaintiffs with an opportunity to amend the complaint); *Est. of Hunter by Hunter v. Uintah Cnty.*, No. 2:16-CV-1248 TS, 2017 WL 2869423, at *2 (D. Utah July 5, 2017) (granting the defendant's motion for judgment on the pleadings, dismissing claim without prejudice, and allowing the plaintiff an opportunity to amend the complaint); *Wight v. Downing*, No. 1:06-CV-107 TS, 2008 WL 303918, at *3, 5-6 (D. Utah Jan. 31, 2008) (granting in part the defendants' motion for judgment on the pleadings, dismissing claims without prejudice, and providing the plaintiff with an opportunity to amend the complaint).

any such motion on or before July 12, 2023. Plaintiffs' failure to file a timely motion for leave to amend their complaint will result in the court entering judgment and closing this case.

### ORDER

Based upon the foregoing, the court HEREBY ORDERS:

1. UCSD's motion for judgment on the pleadings[22] is GRANTED.

2. Plaintiffs' claims in this case are DISMISSED WITHOUT PREJUDICE.

3. If Plaintiffs wish to amend their complaint, they must file a motion for leave to amend on or before July 12, 2023.

4. If Plaintiffs fail to file a timely motion for leave to amend their complaint, the court will enter judgment and close this case.

IT IS SO ORDERED.

DATED this 14th day of June 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[22] ECF No. 15.