# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| PEDRO CASTRO and AMALIA CASTRO, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>UTAH COUNTY, Political Subdivision of the State of Utah; SGT. JEFF S. ROBINSON, a Deputy of the Utah County Sheriff's Office; and DOE DEPUTIES 1 through 4,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 2:22-cv-00464-JCB<br><br><br><br>Magistrate Judge Jared C. Bennett |

## B‍ackground[1]

This case arises from a traffic stop ("Stop") of Plaintiffs Pedro Castro ("Mr. Castro") and Amalia Castro (collectively, "Plaintiffs") initiated by Utah County Sheriff's Office Sgt. Jeff S. Robinson ("Sgt. Robinson") and a subsequent search of Mr. Castro and Plaintiffs' vehicle ("Search") conducted by unidentified Utah County Sheriff's Office Deputies (collectively, "Doe Deputies").[2] On June 10, 2022, Plaintiffs filed their complaint in this case in Utah Fourth District

---

[1] Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment. ECF No. 76.

[2] *See generally* ECF No. 41.

Court against the Utah County Sheriff's Department ("UCSD") and John Does 1-4.[3] UCSD removed the case to this court on July 12, 2022.[4]

UCSD then moved for judgment on the pleadings on November 1, 2022.[5] On December 16, 2022, Plaintiffs moved to strike UCSD's motion.[6] Plaintiffs also moved for an extension of time to respond to UCSD's motion in the event the court denied their motion to strike.[7] On March 28, 2023, the court denied Plaintiffs' motion to strike, granted Plaintiffs' motion for an extension of time, and ordered Plaintiffs to file their response to UCSD's motion.[8]

On June 14, 2023, the court granted UCSD's motion for judgment on the pleadings, dismissed Plaintiffs' claims without prejudice, and provided Plaintiffs with the opportunity to move to amend their complaint by July 12, 2023.[9] After receiving an extension of time,[10] Plaintiffs moved to amend their complaint on July 28, 2023.[11] Because no timely opposition to Plaintiffs' motion was filed, the court granted the motion on August 23, 2023, and ordered Plaintiffs to file their amended complaint within 7 days.[12]

---

[3] ECF No. 2-1.
[4] ECF No. 2.
[5] ECF No. 15.
[6] ECF No. 24.
[7] ECF No. 25.
[8] ECF No. 30.
[9] ECF No. 35.
[10] ECF No. 37.
[11] ECF No. 39.
[12] ECF No. 40.

On August 28, 2023, Plaintiffs filed their amended complaint against Utah County, Sgt. Robinson, and Doe Deputies 1-4.[13] Plaintiffs alleged causes of action for: (1) "Deprivation of Rights" under 42 U.S.C. § 1983; (2) "Deprivation of Rights" under Article I, Section 7 (due process) and Article I, Section 14 (unreasonable searches and seizures) of the Utah Constitution; and (3) "Civil Conspiracy" under 42 U.S.C. § 1985(3).[14] Additionally, throughout their amended complaint, Plaintiffs contended that they were deprived of equal protection based upon violation of an anti-bias policy promulgated by the UCSD.[15]

Utah County and Sgt. Robinson (collectively, "Defendants") moved to dismiss Plaintiffs' amended complaint under Fed. R. Civ. P. 12(b)(6) on October 25, 2023.[16] After the parties' received numerous extensions of time to brief the motion,[17] the court held a hearing on the motion on March 5, 2024.[18] At the hearing, the court took the motion under advisement, provided Defendants with the opportunity to submit supplemental authority on the motion, and provided Plaintiffs with the opportunity to file a response to that authority.[19]

After the parties received numerous extensions of time to file those briefs,[20] the court granted in part and denied in part Defendants' motion to dismiss on September 20, 2024.[21] After

---

[13] ECF No. 41.

[14] ECF No. 41 at ¶¶ 105-50.

[15] *See generally* ECF No. 41.

[16] ECF No. 49.

[17] ECF No. 52; ECF No. 54; ECF No. 58.

[18] ECF No. 61.

[19] ECF No. 61.

[20] ECF No. 63; ECF No. 65; ECF No. 68; ECF No. 70.

[21] ECF No. 72.

that ruling, the only remaining claims are: (1) Plaintiffs' section 1983 claim against Sgt. Robinson for violations of the Fourth Amendment with respect to the Stop; and (2) Plaintiffs' claim for an unreasonable seizure under Article I, Section 14 of the Utah Constitution against Sgt. Robinson with respect to the Stop.[22]

The parties filed a stipulated motion for an amended scheduling order on October 30, 2024.[23] After holding a hearing on that motion,[24] the court entered an amended scheduling order on November 18, 2024, which, among other things, set a deadline of January 31, 2025, for the parties to file motions to amend pleadings or add parties.[25]

On September 12, 2025—over seven months *after* the deadline to file motions to amend pleadings or add parties—Plaintiffs moved for leave to amend their complaint a second time ("Motion").[26] Despite admitting that Defendants disclosed early on in this case that Utah County Sheriff's Office Deputy Brad Ryan ("Deputy Ryan") was involved in the subject incident, Plaintiffs claim that they first learned of the specifics of Deputy Ryan's involvement during Sgt. Robinson's August 2025 deposition.[27] Consequently, Plaintiffs seek to add Deputy Ryan as a named defendant in the complaint and add allegations to the complaint identifying Deputy Ryan

---

[22] ECF No. 72.
[23] ECF No. 78.
[24] ECF No. 82.
[25] ECF No. 83.
[26] ECF No. 102.
[27] ECF No. 102 at 2-3.

as one of the Doe Deputies involved in the incident.[28] Sgt. Robinson opposes the Motion.[29] Plaintiffs did not file a reply in support of the Motion.

## LEGAL STANDARDS

"Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4) govern where, as here, a party seeks leave to amend a pleading after the deadline for amending set in a scheduling order has passed."[30] "In the Tenth Circuit, courts apply a two-step analysis based on both Rule 16(b) and Rule 15(a) when deciding a motion to amend that is filed beyond the scheduling order deadline."[31]

First, "the court must determine whether the moving party has established good cause within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion."[32] "'Good cause' under Rule 16 is a 'more stringent standard than the standards for amending a pleading

---

[28] ECF No. 102 at 2-3; ECF No. 102-1; ECF No. 102-2.

[29] ECF No. 103.

[30] *9 Square in the Air, LLC v. Mountainville Com., LLC*, No. 2:22-CV-00335, 2023 WL 2504604, at *2 (D. Utah Mar. 14, 2023) (citation modified); *see also Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019) ("A party seeking leave to amend after a scheduling order deadline must satisfy both the Rule 16(b) and Rule 15(a) standards.").

[31] *9 Square in the Air, LLC*, 2023 WL 2504604, at *2 (citation modified); *see also Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015) (providing that a party seeking leave to amend the complaint after a scheduling order deadline must satisfy the standards of both Rule 16(b)(4) and Rule 15(a)).

[32] *9 Square in the Air, LLC*, 2023 WL 2504604, at *2 (citation modified); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014) ("[P]arties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so.").

under Rule 15.'"[33] "In practice, the Rule 16(b)(4) standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts."[34] "District courts are 'afforded wide discretion' in determining whether the movant has shown good cause."[35]

If the movant shows good cause under Rule 16(b)(4), the court "then proceed[s] to determine if the more liberal Rule 15(a) standard for amendment has been satisfied."[36] That standard provides that "[t]he court should freely give leave" to amend pleadings "when justice so requires."[37] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[38] The decision about whether to provide a party leave to amend its pleadings "is within the discretion of the trial court."[39]

## ANALYSIS

The court denies the Motion because: (I) Plaintiffs fail to show good cause to support amending the scheduling order to extend the deadline for moving to amend pleadings or add parties; and (II) even if Plaintiffs had made that showing, they fail to demonstrate that they

---

[33] *9 Square in the Air, LLC*, 2023 WL 2504604, at *2 (quoting *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009)).

[34] *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (citation modified).

[35] *9 Square in the Air, LLC*, 2023 WL 2504604, at *2 (quoting *Bylin*, 568 F.3d at 1231).

[36] *Id.* (citation modified).

[37] Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

[38] *Bylin*, 568 F.3d at 1229 (citation modified).

[39] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citation modified).

should be given leave to amend their complaint. Each reason for denying the Motion is addressed in order below.

### I. Plaintiffs Fail to Show Good Cause to Support Amending the Scheduling Order to Extend the Deadline for Moving to Amend Pleadings or Add Parties.

Plaintiffs fail to show good cause to justify amending the scheduling order to extend the deadline for moving to amend pleadings or add parties because Plaintiffs were not diligent in their efforts to meet that deadline. It is true that good cause under Rule 16(b)(4) may be shown "if a plaintiff learns new information through discovery,"[40] as Plaintiffs claim to have done here. However, the party moving for amendment "cannot establish good cause if [it] knew of the underlying conduct but simply failed to raise its claims."[41] The moving party's "failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend."[42]

Plaintiffs admit that Defendants disclosed early on in this case that Deputy Ryan was involved in the incident, yet Plaintiffs assert that they did not learn of the specifics of Deputy Ryan's involvement until Sgt. Robinson's August 2025 deposition.[43] Importantly, despite having knowledge that Deputy Ryan was involved in the incident, Plaintiffs fail to assert that they undertook any other efforts to discover the extent of Deputy Ryan's involvement in the more than three years that this case was pending before Sgt. Robinson's deposition in August 2025. That is not diligence. Further, the fact that Plaintiffs knew Deputy Ryan was involved in the

---

[40] *Gorsuch, Ltd., B.C.*, 771 F.3d at 1240.

[41] *Husky Ventures, Inc.*, 911 F.3d at 1020 (citation modified).

[42] *9 Square in the Air, LLC*, 2023 WL 2504604, at *2 (citation modified).

[43] ECF No. 102 at 2-3.

incident early on in this case means that they failed to attempt to assert their claims against him as soon as they could have. Plaintiffs provide no reason why they could not have sought discovery long before Sgt. Robinson's deposition to ascertain the extent of Deputy Ryan's involvement in the incident. For those reasons, Plaintiffs fail to show good cause under Rule 16(b)(4), which requires denial of the Motion.[44]

## II. Even if Plaintiffs Had Shown Good Cause, They Fail to Demonstrate That They Should Be Given Leave to Amend Their Complaint.

Even if Plaintiffs had been able to demonstrate good cause under Rule 16(b)(4), they fail to show that they should be given leave to amend their complaint because: (A) the Motion was unduly delayed; and (B) permitting Plaintiffs to amend their complaint would unduly prejudice Sgt. Robinson. Each issue is addressed in order below.

### A. The Motion Was Unduly Delayed.

The Motion was unduly delayed because Plaintiffs fail to provide any adequate explanation for the untimeliness of the Motion. "It is well settled in [the Tenth Circuit] that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay."[45] When considering whether the delay in

---

[44] Besides failing to establish good cause under Rule 16(b)(4), Plaintiffs fail to show excusable neglect under Fed. R. Civ. P. 6(b)(1)(B), which provides that when a party seeks an extension of time to perform "an act" after the relevant deadline has passed, the court may extend the deadline only upon a showing of "good cause" and that the failure to act was due to "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Having failed to demonstrate good cause, Plaintiffs necessarily fail to show excusable neglect because "good cause requires a greater showing than excusable neglect." *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) (citation modified).

[45] *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (citation modified); *see also Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) ("In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend."); *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir.

moving to amend is undue, courts in the Tenth Circuit must "focus[] primarily on the reasons for the delay."[46] The Tenth Circuit has "held that denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'"[47]

Plaintiffs fail to explain any adequate reason for their delay in discovering the extent of Deputy Ryan's involvement in the incident. Without any such explanation, Plaintiff cannot carry their burden under Rule 15(a), and the court must conclude that the Motion was unduly delayed. For that additional reason, the Motion is denied.[48]

> B. Permitting Plaintiffs to Amend Their Complaint Would Unduly Prejudice Sgt. Robinson.

Allowing Plaintiffs to amend their complaint would unduly prejudice Sgt. Robinson. "The . . . most important . . . factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party."[49] "For purposes of Rule 15, undue prejudice means undue difficulty in . . . defending a lawsuit as a result of a change of tactics or theories on the part of the movant."[50]

---

1990) ("Untimeliness alone may be a sufficient basis for denial of leave to amend. . . . [P]rejudice to the opposing party need not also be shown.").

[46] *Minter*, 451 F.3d at 1206.

[47] *Id.* (quoting *Frank*, 3 F.3d at 1365-66).

[48] *Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994) ("[The plaintiff] filed her amended complaint three months after the scheduling order deadline for such amendments, yet never explained the delay. This unexplained delay alone justifies the district court's discretionary decision.").

[49] *Minter*, 451 F.3d at 1207.

[50] *Weeks v. McLaughlin*, No. CIV.A. 09-2498-CM, 2010 WL 4115390, at *1 (D. Kan. Oct. 19, 2010) (citation modified).

Plaintiffs' proposed amendment to their complaint would unduly prejudice Sgt. Robinson. Contrary to Plaintiffs' assertions that permitting their amendment would require "minimal" additional discovery and would "not require additional motion practice or delay trial,"[51] adding Deputy Ryan as a defendant would undoubtedly require reopening discovery and permitting Deputy Ryan to file necessary motions. Not only would that require Sgt. Robinson to participate in that discovery, but it would also impose additional delay in this case, which has been significantly delayed already. Sgt. Robinson, who has already moved to dismiss and completed discovery, would be prejudiced by that delay in this three-year-old case. On that alternative ground, the court denies the Motion.

## ORDER

For the reasons stated above, the Motion[52] is DENIED.

IT IS SO ORDERED.

DATED this 31st day of October 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[51] ECF No. 102 at 5.
[52] ECF No. 102.